# EXHIBIT A

**DELIVER THESE PAPERS TO YOUR
LIABILITY INSURANCE CARRIER IMMEDIATELY. YOUR
FAILURE TO DO SO MAY RESULT IN THE LOSS OF COVERAGE.**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
**********************************************************

CINDY M. O'CONNOR
163 SOUTH MEADOW DRIVE
NORTH TONAWANDA, NEW YORK 14120

                      Plaintiff,                    **SUMMONS**

      vs.

                                                     **Index No.**

WAL-MART STORES EAST, LP, Individually and as
d/b/a WALMART
702 SW 8th STREET
BENTONVILLE, ARKANSAS 72716

WAL-MART STORES EAST, LP, Individually and as
d/b/a WALMART #2210
3290 SHERIDAN DRIVE
AMHERST, NEW YORK 14226

WAL-MART STORES EAST, LP
2001 S.E. 10TH STREET
BENTONVILLE, ARKANSAS 72716

WAL-MART STORES, INC.
702 SW 8TH STREET
BENTONVILLE, AK 72716

WAL-MART STORES EAST, INC.
702 SW 8TH STREET
BENTONVILLE, AK 72716

WAL-MART REAL ESTATE BUSINESS TRUST
2001 S.E. 10TH STREET
BENTONVILLE, ARKANSAS 72716

WAL-MART STORES EAST, LP #2210
3290 SHERIDAN DRIVE
AMHERST, NEW YORK 14226

JOHN DOE CORPORATIONS 1 – 10
Companies that contracted with defendants
to perform cleaning services
True Name and Address Unknown
                                       Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

        The basis of the venue designated is the location of the occurrence :

        3290 Sheridan Drive, Amherst, New York 14226

DATED:    Hamburg, New York
                November 7, 2019        Yours, etc.,

                                                **JASON C. LUNA, PLLC**

                                                By: _____
                                                    Jason C. Luna, Esq.
                                                    Attorneys for Plaintiff
                                                    4535 Southwestern Blvd, Suite 804B
                                                    Hamburg, New York 14075
                                                     (716) 648-6666

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CINDY O'CONNOR

       Plaintiff,

  vs.

WAL-MART STORES EAST, LP, Individually and as d/b/a WALMART

WAL-MART STORES EAST, LP, Individually and as d/b/a WALMART #2210

WALMART STORES EAST, LP

WAL-MART STORES, INC.

WAL-MART STORES EAST, INC.

WAL-MART REAL ESTATE BUSINESS TRUST

WAL-MART STORES EAST, LP, #2210

JOHN DOE CORPORATIONS 1 THOUGH 10

       Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

**Index No.**

Plaintiff, above-named by her attorneys JASON C. LUNA, PLLC, for her complaint against defendants, above-named, allege upon information and belief:

1. At all times herein relevant, Plaintiff has been a resident of the County of Niagara and State of New York.

2. At all times herein relevant, defendants were authorized to conduct business in the State of New York and did in fact conduct business in the State of New York.

3. At all times herein relevant, defendants have been a foreign limited liability corporation and/or limited partnership duly authorized to do business in the State of New York and have conducted business in the State of New York.

4. At all times herein relevant, defendants have been a domestic limited liability corporation duly authorized to do business in the State of New York and have conducted business in the State of New York.

5. At all times herein relevant, defendants have owned real estate in the State of New York.

6. On or about January 29, 2017, defendants have committed a tortious act within the State of New York.

7. At all times herein relevant, defendant Wal-Mart Stores East, LP, Individually and as d/b/a WALMART has been a foreign corporation duly authorized to do business in the State of New York and has conducted business in the State of New York.

8. At all times herein relevant, defendant Wal-Mart Stores East, LP, Individually and as d/b/a Walmart #2210 has been a foreign corporation duly authorized to do business in the State of New York and has conducted business in the State of New York.

9. At all times herein relevant, defendant Walmart Stores East, LP has been a foreign corporation duly authorized to do business in the State of New York and has conducted business in the State of New York.

10. At all times herein relevant, defendant Wal-Mart Stores East LP, Individually and as d/b/a Wal-Mart #2210 was a duly organized business filed in

the State of New York a doing business as certificate for the transaction of business in the State of New York and has regularly transacted business in the State of New York.

11. At all times herein relevant, defendant Wal-Mart Stores, Inc. has been a foreign corporation duly authorized to do business in the State of New York and has conducted business within the State of New York.

12. At all times herein relevant, defendant Wal-Mart Stores East, Inc. has been a foreign corporation duly authorized to do business in the State of New York and has conducted business within the State of New York.

13. At all times herein relevant, defendant Wal-Mart Real Estate Business Trust has been a foreign corporation and/or trust duly authorized to do business in the State of New York and has conducted business within the State of New York, and has owned real estate in the State of New York.

14. At all times herein relevant, defendant Wal-Mart Stores East, LP, #2210 has been a foreign corporation duly authorized to do business in the State of New York and has conducted business within the State of New York, and was a duly organized business filed in the State of New York a doing business as certificate for the transaction of business in the State of New York and has regularly transacted business.

15. At all times herein relevant, defendants John Doe Corporations 1 through 10 have been a domestic corporation duly authorized to do business in the State of New York and has conducted business within the State of New York , and was a duly organized business filed in the State of New York.

3

16. On or about January 29, 2017, the defendants committed a tortious act within the State of New York.

17. At all times herein relevant, defendants owned, and or leased real property, and were responsible for the maintenance of the store located within the Township of Hamburg, County of Erie and State of New York.

18. At all times herein relevant, defendants were the owners and/or leasees of real property, including the store located at 3290 Sheridan Drive, in the Township of Amherst, County of Erie and State of New York (hereinafter referred to as "Walmart").

19. That prior to and as of January 29, 2017, defendants were responsible for the operation, maintenance and up keep of said premises including the floors, entrance and/or exit, aisles, walkways of the property commonly known as Walmart, located at 3290 Sheridan Drive, in the Town of Amherst, New York and were obligated to maintain said premises in a reasonably safe condition and to keep said premises free from defect or dangerous condition.

20. At all times herein relevant, defendants operated and maintained the property, including the store commonly known as Walmart located at 3290 Sheridan Drive, in the Township of Amherst, County of Erie, State of New York.

21. At all times herein relevant, defendants were hired and/or were under a contractual obligation to maintain the premises commonly known as 3290 Sheridan Drive, Walmart including the maintenance of the floors and were responsible for keeping the area near the entrance and exit of the store free from

hazards including but not limited to water, liquids in the Township of Amherst, County of Erie, State of New York.

22. At all times herein relevant, defendants were hired and/or were under a contractual obligation to maintain the premises commonly known as Walmart, 3290 Sheridan Drive, in the Township of Amherst, New York in a reasonably safe condition, and to eliminate, correct and/or keep free from defective or dangerous conditions such as water, liquid, ice and/or snow.

23. On or about January 29, 2017, plaintiff, Cindy O'Connor was lawfully upon the premises commonly known as Walmart, 3290 Sheridan Drive, in the store within the Township of Hamburg, County of Erie, State of New York.

24. That on January 29, 2017, there was an accumulation of water, and/or liquid, thereof on the floor of the premises commonly known as Walmart, 3290 Sheridan Drive, in the County of Erie, Township of Amherst, State of New York.

25. On or about January 29, 2017 at approximately 8:30 a.m., plaintiff Cindy O'Connor was caused to slip on water and or liquid on the floor in a walkway located near the entrance and/or exit in Walmart located at 3290 Sheridan Drive, Amherst, New York and sustained injuries and damages as hereinafter alleged.

26. That plaintiff was at all times using due care.

27. That said incident was due to the negligence and carelessness of the defendants.

28. That defendants owned, controlled and/or maintained the store commonly known as Walmart located within their premises, commonly known 3290 Sheridan Drive, Amherst, New York particularly where the plaintiff, Cindy

5

O'Connor was caused to fall, and had the responsibility of keeping said premises in a reasonably safe condition and to eliminate, correct and/or keep free from defective or dangerous conditions such as the accumulation and/or presence of water, liquid, removal and/or to provide plaintiff and others lawfully on the premises, with a safe place to walk and/or ingress/egress.

29. Plaintiff was injured as a result of negligence of defendants based upon defendants' failure to keep the premises free from defective and/or dangerous conditions . Defendants failed to remove the water and/or liquid and allowed said liquid/water to persist.

30. Defendants had a duty to warn of said condition and failed to post proper warnings of said condition.

31. The aforementioned accident occurred solely as a result of defendants' negligence without any negligence attributable in any measure to plaintiff.

32. Defendants, or defendants' agents, employees and or servants created or allowed to persist a defective and dangerous condition to wit: water and/or fluid to persist and exist on the floor that was the proximate cause of plaintiff, Cindy O'Connor's aforementioned slip and fall.

33. Upon information and belief, the negligence of the defendants, their agents, servants, employees and/or representatives consisted of failing to properly and adequately maintain the premises; causing and allowing a dangerous and defective condition to exist; causing and allowing hazardous and slippery conditions to exist; failing to properly warn of said hazards and failing to provide a safe place for persons to walk on said premises and failing to warn

6

plaintiff and others of the dangerous condition; and were otherwise careless and negligent.

34. Defendants or defendants' agents, employees and/or servants knew or should have known of the aforementioned defective and dangerous condition.

35. Defendants breached the duty of care owed to plaintiff.

36. As a result of the negligence of defendants as alleged above, plaintiff, Cindy O'Connor was severely and seriously injured, bruised and wounded, suffered and still suffers and will continue for some time to suffer great physical and mental pain and great bodily injuries and plaintiff, Cindy O'Connor, has become sore, sick, lame and disabled and so remains and upon information and belief, plaintiff Cindy O'Connor, is permanently injured.

37. That by reason of the premise, plaintiff Cindy O'Connor suffered certain severe, permanent and painful injuries, internal as well as external by reason of which she will be compelled to expend large sums of money for medical bills; and that the plaintiff has been and will be incapacitated from performing her usual duties for a long period of time, all to her damage against the defendants pursuant to CPLR 3017, in an amount which exceeds the monetary jurisdictional limits of all lower Courts in the State of New York.

38. Defendants or defendants, agents, employees and/or servants had notice of the aforementioned defective and dangerous condition.

39. In consequence of defendants' negligence as described herein, plaintiff Cindy O'Connor, has necessarily expended sums of money for medical services, medicines and otherwise in endeavoring to cure plaintiff, Cindy O'Connor's

7

injuries, and plaintiff Cindy O'Connor will hereinafter necessarily expend sums of money for further necessary medical treatment and plaintiff, Cindy O'Connor has been and will be incapacitated from performing her usual duties for a long period of time, all to the plaintiff, Cindy O'Connor's damage in a sum in excess of the monetary jurisdictional limits of all lower Courts in the State of New York.

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally, in an amount which exceeds the monetary jurisdictional limits of all lower Courts in the State of New York and plaintiff demands such other, further and different relief as the Court may deem just and proper, together with the costs and disbursements of this action.

DATED:   Hamburg, New York
         November 7, 2019

                                       Yours, etc.,

                                       JASON C. LUNA, PLLC


                                       _____
                                       JASON C. LUNA, ESQ.
                                       4535 Southwestern Blvd, Suite 804B
                                       Hamburg, New York 14075
                                       (716) 648-6666