UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CINDY O'CONNOR,<br>        Plaintiff,<br>v.<br><br>WAL-MART STORES EAST, LP,<br>Individually and as d/b/a WALMART,<br>*et al.*,<br>        Defendants. | **REPORT AND**<br>**RECOMMENDATION**<br><br>20-CV-01781(LJV)(JJM) |

_____

    Before the court is plaintiff's motion to remand this personal injury action to state court [11],[1] which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration. [12]. Having considered the parties' submissions [11, 14], for the following reasons I recommend that the motion be denied.

## BACKGROUND

    Plaintiff commenced this action in State of New York Supreme Court, County of Erie on November 21, 2019, seeking to recover for personal injuries sustained in a slip and fall accident on January 29, 2017. [1-2]. Although the Complaint did not disclose the amount of damages sought, by Notice dated December 3, 2020, plaintiff advised that she seeks damages in the amount of $5 million. [1-6]. On December 4, 2020 defendants filed a Notice removing the action to this court based on diversity of citizenship [1] and provided the notices required by 28 U.S.C. §1446(d). [1-8].

---

[1]   Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

On December 18, 2020 plaintiff's attorney, Jason C. Luna, moved for admission to practice before this court *pro hac vice*. [8]. Judge Vilardo granted that motion on December 22, 2020. [9]. On January 8, 2021 plaintiff moved to remand this action to state court, arguing that the removal was untimely. *See* plaintiff's Memorandum of Law. [11-4]. Defendants respond that the motion itself is untimely since it was filed more than 30 days after removal, and that removal was proper in any event. *See* defendants' Memorandum of Law. [14-3].

## DISCUSSION

**A.     Plaintiff Has Waived Her Right to Move for Remand**

28 U.S.C. §1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal". Therefore, "all motions for remand - except those based on lack of subject matter jurisdiction - must be made within 30 days after removal or they are waived". Hamilton v. Aetna Life and Casualty Co., 5 F.3d 642, 643 (2d Cir. 1993).

"Because untimeliness of removal is a procedural rather than a jurisdictional defect, the defect is waived where a plaintiff does not move for remand on that basis within thirty (30) days of the allegedly untimely removal." Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273, 1278 (C.D. Cal. 2001). *See also* Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014); Zerafa v. Montefiore Hospital Housing Co., 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005). Since plaintiff failed to move for remand until January 8, 2021, more than 30 days after the filing of the Notice of Removal, she has waived her right to seek that relief. In any event, as discussed below, the removal was timely.

**B.    The Removal Was Timely**

28 U.S.C. §1446(b)(3) provides that "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". The first paper indicating that the amount in controversy exceeded $75,000 (the amount necessary for removal) was plaintiff's December 3, 2020 Notice [1-6], and defendants removed this action to this court the next day.

28 U.S.C. §1446(c)(1) states that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action". If the court finds "that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith". 28 U.S.C. §1446(c)(3)(B).

Defendants served plaintiff with a demand for the amount in controversy on January 23, 2020, and repeated that demand several times between March 2 - November 19, 2020. Will Declaration [14], ¶¶6, 8. Despite repeated assurances that the information would be provided, plaintiff failed to do so until December 3, 2020 (id., ¶¶9-13) - even though defendants advised Mr. Luna on September 14, 2020 that they "intend to remove this matter to Federal District Court if there is diversity jurisdiction". [1-5], p. 7. While defendants could have earlier moved to compel production of that information, plaintiff's unexplained delay in disclosing the amount in dispute appears to have been a deliberate attempt to prevent removal, thereby

excusing defendants' failure to remove the action to this court within one year of its commencement.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion to remand [11] be denied. Unless otherwise ordered by District Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by February 9, 2021. Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek, 838 F. 2d at 58; Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 26, 2021

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
